NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HUGO BOBERTZ, PETITIONER, v. TOWNSHIP OF HILLSIDE, RESPONDENT.

Decided December 11, 1939.

For the petitioner, *Kellogg & Chance.*

For the respondent, *Nathan Rabinowitz.*

A formal petition having been filed in the above matter claiming compensation under and by virtue of the terms of the Workmen's Compensation act of the State of New Jersey, and the supplements and amendments thereto, and answer having been filed, and the parties having appeared before me and testimony being taken in the presence of counsel for the respective parties, and memoranda having been submitted by both parties, I find and determine as follows:

On September 28th, 1937, and prior thereto, petitioner was in the employ of respondent as superintendent of plumbing and sewers. He alleges that on September 28th, 1937, while performing some of his duties in and about a sewer in the township of Hillside, some sewage splashed on his face, mouth and other parts of his body. He further alleges that on or about October 10th, 1937, while at the same sewer, in the course of his employment, he became ill. He promptly ceased work on that day and was shortly thereafter removed to a hospital where he remained until March 12th, 1938. Subsequently he was confined to his home for a period of time. The diagnosis was typhoid fever with complications resulting in empyema of the chest.

Petitioner testified that he was perfectly well up to the time when he visited the sewer the second time as above stated and argues that the incident of September 28th when the sewage splashed in his face and mouth, caused him to swallow some of it; that the sewage contained the typhoid bacillus and that by reason of the ingestion of the sewage on that date, he developed typhoid on or about October 10th, 1937.

It was shown that typhoid fever is caused by typhosus bacillus, a specific organism, the period of incubation of typhoid varying between seven and thirty days, although there were instances on record where it is as low as two days. It was shown that while petitioner could have contracted the typhoid by reason of the alleged accident of September 28th, yet it was also shown that there are many other sources from which the disease might have been contracted, such as milk, food, water, insects, such as the fly, human carriers, and others.

Petitioner's attending physician, Dr. Konzelmann, in testifying on his behalf, said that all sewage does not necessarily contain the typhoid germ and that there are times when sewage may not contain it. It was also shown that the only method of definitely determining the presence of the typhoid germ is by analysis of the substance wherein it is claimed to reside.

There was no evidence that other employes similarly exposed to sewage, contracted the disease or that the disease was common to sewer workers. There is no greater prevalence of the disease among sewer workers than others.

There was no testimony showing that any of the sewage in the sewer systems of Hillside had ever been analyzed or that there was anything in the particular sewage that might justify the conclusion that petitioner contracted his disease therefrom. Examinations were made of the various members of petitioner's family which resulted in negative findings so far as they were concerned. This evidence was offered to show that it was not likely that petitioner contracted the disease at home or that no member of the family was a carrier of the disease. It was also shown, however, that the resistance to the disease varies in different individuals. In any event, assuming that the disease was not contracted at home, it creates no probability that the germ was contracted through the ingestion of the sewage. I cannot find from the evidence that there was any probability that the typhoid was contracted by the petitioner in the course of his work in the sewer than from eating or drinking something. Petitioner is required to establish that his injury is related to or affected by the employment, that is to say, if, but for the employment, it would not have occurred. Proof of the contraction of the disease alone during the employment will not suffice. But injury, which on proofs that are sufficient and persuasive, would not have occurred but for the services rendered in the employment, amount to injury by accident. *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *N. J. L.* 512.

The proofs in this case are insufficient and not persuasive that the injury occurred by reason of the services rendered in the employment. The evidence creates a state of things

which leaves me in the position of having to guess or conjecture where in fact petitioner became affected with the disease. There is no right to base an award on mere guess or conjecture.

With respect to the alleged accident of September 28th, testimony was adduced on both sides, respondent contending that petitioner had failed to sustain the burden of proving that said accident, which was the basis of petitioner's claim, in fact occurred.

In view of the fact that I find that the petitioner has failed to satisfy the requirements of the law in that he has failed to show that the disease from which he suffered was due to the alleged accident, if it in fact occurred, I, therefore, consider it unnecessary to pass upon this question.

For the reasons indicated, the petition will, therefore, be and the same is hereby dismissed.

STEPHEN J. LORENZ,
*Deputy Commissioner.*